Bouchat v. Baltimore Ravens Limited Partnership et al

Doc. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK E. BOUCHAT<br>2146 Harman Avenue<br>Baltimore, Maryland 21230,<br><br>      Plaintiff<br><br>v.<br><br>BALTIMORE RAVENS LIMITED<br>PARTNERSHIP<br>1101 Russell Street<br>Baltimore, Maryland 21230<br><br>  and<br><br>NFL FILMS, INC.<br>1 NFL Plaza<br>Mt. Laurel, New Jersey 08054<br><br>  and<br><br>NATIONAL FOOTBALL LEAGUE<br>280 Park Avenue<br>New York, New York 10017<br><br>  and<br><br>THE BALTIMORE SUN COMPANY<br>501 N. Calvert Street<br>Baltimore, Maryland 21278<br><br>      Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Now comes the Plaintiff, Frederick E. Bouchat, by his attorneys, Howard J.

Dockets.Justia.com

Schulman, Daniel P. Doty and Schulman & Kaufman, LLC, and states:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1338(a).

2. This is a civil action for copyright infringement brought under the copyright laws of the United States, i.e., 17 U.S.C. §§ 501, 502 & 503.

3. On or about December 5, 1995, in Baltimore, Maryland, Plaintiff created, among others, an original drawing, fixed on paper, depicting a raven with wings extended upward clutching a shield with a stylized "B" and a botany cross, which drawing is the subject work of this copyright action. On or about July 25, 1996, Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the subject work entitled "The Ravens"; and the Register of Copyrights thereafter issued a Certificate of Registration, bearing registration No. VAu 372-606, effective July 25, 1996. A true and accurate copy of the Certificate of Registration is attached. The subject work contains material wholly original with Plaintiff in its creation and/or its selection and arrangement and is copyrightable subject matter under the laws of the United States. Plaintiff is currently, and at all relevant times has been, the sole proprietor of all right, title and interest in and to the copyright in the subject work.

4. The National Football League is a joint venture and business partnership made up of its member teams and associated corporate entities.

5. Some time between April 2, 1996 and May 5, 1996, National Football League Properties, Inc. and Baltimore Ravens, Inc., the predecessor to the Baltimore Ravens Limited Partnership, copied Plaintiff's work in virtually identical form and then

2

used this infringing logo as the primary logo of the Baltimore Ravens professional football team. The Baltimore Ravens used the logo on their team helmets and as the centerpiece of their marketing and branding efforts.

6. Plaintiff has the exclusive right under § 106 of the Copyright Act "to do and to authorize" the reproduction, adaptation, publication, public performance and display of the copyrighted work. Any display by Defendants of the infringing logo is a violation of Plaintiff's rights under § 106.

7. Defendant NFL Films, Inc. has and continues to sell and distribute films of the Baltimore Ravens 1996, 1997 and 1998 season highlights, which prominently display the infringing work.

8. Defendant Baltimore Ravens Limited Partnership has and continues to display the infringing logo. For instance, on September 23, 2007, Defendant Baltimore Ravens Limited Partnership played a film clip in public display at the Baltimore Ravens game in Baltimore, Maryland, against the Arizona Cardinals of the 1996 Ravens-Cardinals game which prominently displayed the infringing logo. Defendant Baltimore Ravens Limited Partnership also, during the 2005 and 2006 football season, displayed the logo at Baltimore Ravens games in Baltimore, Maryland, in a film piece concerning "Move the Chains".

9. Based on this information, the following allegations and factual contentions are likely to have evidentiary support after reasonable opportunity for further investigation and discovery. NFL Films and the following NFL teams have in their

possession other films and materials in or on which the infringing logo is displayed and will continue to be displayed: Oakland Raiders, Pittsburgh Steelers, New Orleans Saints, New England Patriots, Indianapolis Colts, Denver Broncos, St. Louis Rams, Cincinnati Bengals, Jacksonville Jaguars, San Francisco 49ers, Carolina Panthers, New York Giants, Buffalo Bills, Miami Dolphins, Philadelphia Eagles, Arizona Cardinals, Seattle Seahawks, Chicago Bears, New York Jets, Green Bay Packers, Oakland Raiders, San Diego Chargers, Minnesota Vikings and Detroit Lions and that each of these entities has and will likely, at some point in the future, display the infringing work. Additionally, Defendant Baltimore Ravens Limited Partnership, Inc. has in its possession not only films, but various memorabilia, photographs and other tangibles on which the infringing work is presently exhibited and displayed.

10. Defendant The Baltimore Sun Company ("Baltimore Sun") has displayed and offered for sale, and continues to do so, photographs reflecting the infringing logo on its website, baltimoresun.com. For instance, Defendant Baltimore Sun has displayed and continues to display and offer for sale such photographs from the 1996, 1997 and 1998 seasons, and in a series of pieces under the caption "Where are they now?", including those first appearing on September 28, 2007, October 12, 2007, October 19, 2007, and December 7, 2007. Additionally, the Baltimore Sun and its website, baltimoresun.com, maintain and have displayed in other instances the infringing logo, such as on the cover of the Baltimore Sun's sports section of January 22, 2008.

11. Each of the infringements alleged herein were committed by Defendants

4

herein after actual notice that use of the infringing logo was a violation of Plaintiff's rights under the Copyright Act.

WHEREFORE, Plaintiff Frederick E. Bouchat demands:

a. That the Court order, in accordance with 17 U.S.C. § 503(b), Defendants to deliver to Plaintiff for destruction all copies of the infringing logo and all tangibles and digital medium exhibiting the infringing logo;

b. That the Court issue a final permanent injunction to otherwise prevent and restrain the infringement of Plaintiff's copyright; and

c. That the Court grant such other relief as justice requires.

_____
Howard J. Schulman

_____
Daniel P. Doty
SCHULMAN & KAUFMAN, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff