IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK E. BOUCHAT | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-08-397 |
| BALTIMORE RAVENS LIMITED PARTNERSHIP, et al. | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \*

<u>MEMORANDUM AND ORDER RE: PERMANENT INJUNCTION</u>

The instant case has been remanded to the Court for consideration of Plaintiff's request for injunctive relief. The Court has considered the materials submitted by the parties, has held a hearing and had the benefit of the arguments of counsel.

I. <u>BACKGROUND</u>

For the 1996 through 1998 seasons, the Baltimore Ravens used as the team's primary symbol, the "Flying B Logo."



The Flying B Logo had been copied without authority from a drawing, "the Flying B Drawing" drawn by Frederick E. Bouchat ("Bouchat" or "Plaintiff").



While Bouchat has proven that the Defendants (and others licensed by one or more of the Defendants) infringed his copyright in the Flying B Drawing, he has, in a series of lawsuits, been unable to recover any damages for the infringement on a "profits of the infringer" theory.[1]

In the instant case, Bouchat filed a Complaint seeking to enjoin Defendants, Baltimore Ravens Limited Partnership, NFL Films, Inc. and the National Football League, (collectively "Defendants"),[2] from publicly displaying the infringing logo in season highlight films, video clips during home games, and in the Baltimore Ravens' corporate lobby where team history is displayed.

The instant case was submitted to the Court for a bench trial decision on the evidence of record submitted by the parties. The Court held that Defendants had made fair use of the copyright work and, therefore, had not infringed.

Bouchat appealed. The United States Court of Appeals for the Fourth Circuit affirmed this Court's finding of fair use as

---

[1] For a detailed background of the litigation, see Bouchat v. Balt. Ravens Ltd. P'ship, 587 F. Supp. 2d 686 (D. Md. 2008), aff'd in part, rev'd in part by Bouchat v. Balt. Ravens Ltd. P'ship, 619 F.3d 301 (4th Cir. 2010).

[2] The Baltimore Sun Company was initially sued and voluntarily dismissed. NFL Productions LLC d/b/a NFL Films, a subsidiary of NFL Ventures L.P., replaced NFL Films, Inc.

to the displays in the corporate lobby but reversed the finding as to the displays in films and video clips, stating:

> We reverse in part because the Ravens and the NFL did not establish fair use of the Flying B logo in the highlight films sold by the NFL and the highlight film played during the Ravens home football games. The films infringe on Bouchat's copyrighted work, and his request for injunctive relief against this infringement is not precluded. On remand the district court will consider whether an injunction is appropriate.

Bouchat, 619 F.3d at 317.

The case is before the Court, on remand, to consider whether an injunction is appropriate.

II. LEGAL FRAMEWORK

The Copyright Act provides that a district court has authority to grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

The Supreme Court has stated:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public

3

>     interest would not be disserved by a
>     permanent injunction. The decision to grant
>     or deny permanent injunctive relief is an
>     act of equitable discretion by the district
>     court, reviewable on appeal for abuse of
>     discretion.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)(citations omitted). The eBay test for injunctive relief, though stated in a patent infringement case decision, is applicable to cases of copyright infringement as well. See Christopher Phelps & Assoc., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007).

Thus, the court must initially determine whether Bouchat has satisfied the four eBay requisites and, if so, whether to exercise its discretion to grant injunctive relief.

III. DISCUSSION

   A.   THE EBAY TESTS

      1.   Irreparable Harm

In light of eBay, irreparable harm is not presumed by virtue of a finding of patent or copyright infringement. See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 994-95 (9th Cir. 2011).

It is true, as stated in Christopher Phelps, that "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible

exclusive rights". 492 F.3d at 544. However, Bouchat has not established that Defendants' infringement is, in any meaningful way, interfering with any potential commercial use by him of the Flying B Drawing. Indeed, Bouchat would appear to be limited (perhaps totally) in his commercial use of the Flying B Drawing by virtue of Defendants' trademark rights in the name "Ravens." Even if Bouchat could make a commercial use of the Flying B Drawing that would not infringe Defendants' trademark rights, Bouchat has produced no evidence that he has the intent or realistic possibility of doing so.

Hence, provided that Bouchat can receive reasonable compensation for Defendants' use of his copyright-protected work, he would not suffer any irreparable harm so as to satisfy the first of the eBay tests.


2. Inadequacy of Remedies at Law

The Defendants contend, among other things, that Bouchat would be entitled to no compensation whatsoever for their future infringement of his copyright in the Flying B Drawing. This contention is not accepted by the Court.[3] Indeed, if this

---

[3] Even if Bouchat is not entitled to compensation on a "profits of the infringer" theory as to the films at issue, he would be entitled to compensation determined on some other basis, e.g., reasonable royalty, actual damages, etc. See Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1554 (Fed. Cir. 1995)("A

5

contention were to be accepted, the Court would be holding that the Defendants have a right freely to make what the Fourth Circuit has held to constitute infringing use of the Flying B Logo.

In the instant suit, involving an action against solvent defendants, recovery of reasonable compensation for future use of the Flying B Logo would provide an adequate remedy at law.[4] The Court will, as discussed below, seek to determine what would be reasonable compensation for Defendants' future use of the Flying B Logo. Of course, it is possible that reasonable compensation will not yield a substantial amount to Bouchat. However, so long as Bouchat will receive reasonable compensation, the legal remedy available to him is not inadequate.

### 3. Balance of Hardships

In balancing the hardships, the "relevant harm [to consider] is the harm that (a) occurs to the parties' legal [commercial] interests and (b) cannot be remedied after a final

---

patentee is entitled to no less than a reasonable royalty on an infringer's sales for which the patentee has not established entitlement to lost profits.").

[4] The instant case does not present the necessity for a multiplicity of law suits due to widespread "downstream" infringement as in the Grokster case. See MGM Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007).

adjudication, whether by damages or a permanent injunction." Salinger v. Colting, 607 F.3d 68, 81 (2d Cir. 2010). Also, in balancing the respective hardships of the parties, the Court must ensure that it does not "encumber a great deal of property unrelated to the infringement." Christopher Phelps, 492 F.3d at 545.

A rather close analogy to the instant case is provided by Abend v. MCA, Inc., 863 F.2d 1465 (9th Cir. 1988). In Abend, the author of the story on which the movie "Rear Window" was based, established copyright infringement but was denied an injunction against the distribution of the infringing movie. As stated by the Second Circuit:

> The "Rear Window" film resulted from the collaborative efforts of many talented individuals other than Cornell Woolrich, the author of the underlying story. The success of the movie resulted in large part from factors completely unrelated to the underlying story, "It Had To Be Murder." It would cause a great injustice for the owners of the film if the court enjoined them from further exhibition of the movie.

Id. at 1479.

So too in the instant case, the NFL films at issue resulted from the collaborative efforts of many, including at least the depicted players as well as those who produced the film. Bouchat did not produce the script, as did the author in Abend but only a decoration on the "costumes" of the performers. Even

7

though the Flying B Logo can be viewed as a significant "decoration," enjoining the Defendants' use of the films at issue would cause a degree of hardship on Defendants and others that exceeds the hardship that would be suffered by Bouchat provided he receives reasonable compensation in lieu of injunctive relief.

### 4. The Public Interest

A copyright holder has the exclusive right to "refrain from vending or licensing and content himself with simply exercising the right to exclude others from using his property." Fox Film Corp. v. Doyal, 286 U.S. 123, 127 (1932); see also Apple Inc. v. Psystar Corp., 673 F. Supp. 2d. 943, 950 (N.D. Cal. 2009)("the public receives a benefit when the legitimate rights of copyright holders are vindicated"). However, Bouchat's exclusive rights must be balanced against the public's right to obtain a benefit from the copyright-protected material.

In Abend, the Second Circuit stated that "an injunction could cause public injury by denying the public the opportunity to view a classic film for many years to come." 863 F.2d at 1479. By no means would the Court find NFL highlight films, particularly those relating to the Ravens' 1996-98 seasons, to be "classic films" or, indeed, to have particularly significant artistic value. However, the films do preserve and present

8

images of what some portion of the public might consider to be "historical events."

On balance, the Court finds the public interest in the "historical" aspect of the films at issue, albeit not great, to outweigh the public interest in granting a monopoly to Bouchat, a copyright owner of a drawing shown in the films at issue, provided that Bouchat receives reasonable compensation.

Thus, Bouchat has not established the fourth of the eBay elements.

### B. RESOLUTION

The Court holds that Bouchat has not met the eBay tests. Even if he had, the Court would not exercise its discretion to grant Bouchat the injunctions he seeks, so long as he obtains reasonable compensation for future use by Defendants of the films at issue.

It is within the Court's discretion to condition the denial of an injunction against future use of the Flying B Logo in the films at issue on the payment of reasonable compensation for such use. Id.; see also On Davis v. The Gap, Inc., 246 F.3d 152, 165 (2d Cir. 2001)("If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, it seems entirely reasonable to conclude that the owner has suffered damages to

the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for."). Therefore, the Court will exercise its discretion in this fashion herein.

IV.   CONCLUSION

For the foregoing reasons:

1.  The Court shall not enjoin Defendants' use[5] of depictions of the Flying B Logo in regard to the films at issue.

2.  The parties shall make an effort to reach agreement as to the reasonable compensation for such use and shall provide a status report no later than December 15, 2011.

3.  At such time as any party determines that an agreement cannot be reached, that party shall arrange a telephone conference with the Court regarding further proceedings herein to resolve remaining issues.

SO ORDERED, on Wednesday, November 09, 2011.

_____/s/_____
Marvin J. Garbis
United States District Judge

---

[5] Including, but not limited to, rental, sale, display, etc.