IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK E. BOUCHAT,<br><br>            Plaintiff,<br><br>   -against-<br><br>BALTIMORE RAVENS LIMITED PARTNERSHIP, *et al.*,<br><br>            Defendants. | Civil Action No. MJG-08-397<br><br>**OBJECTIONS TO PLAINTIFF'S** <u>**SUBMITTED BILL OF COSTS**</u> |

Defendants Baltimore Ravens Limited Partnership, NFL Productions LLC d/b/a NFL Films and National Football League ("Defendants") submit these objections pursuant to Local Rule 109(c) to the Bill of Costs [Dkt. 81] filed by plaintiff Frederick E. Bouchat ("Bouchat"). While Defendants do not object to Bouchat's request of $350.00 for his filing fee, Defendants object to his request for the remaining costs of $1,604.30 as in violation of the Local Rules.

Pursuant to Local Rule 109(b):

> In any case where any costs other than the fee for filing the action are being requested, *the bill of costs <u>shall</u> be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request.* Any vouchers or bills supporting the cost being requested shall be attached as exhibits.

(emphasis added).  Further, this District's Guidelines for Bill of Costs ("Guidelines"), available at http://www.mdd.uscourts.gov/publications/forms/BillofCostsGuidelines.pdf, explain:

> The affidavit should verify (a) the items claimed in the Bill of Costs are correct, (b) the costs have been necessarily incurred in the case, and (c) the services for which fees have been charged were actually and necessarily performed.
>
> The supporting memorandum should explain the "grounds and authorities" supporting each request. For example, a request for the cost of a deposition should be supported by both a reference to 28 U.S.C. § 1920(2) and an explanation of why that particular deposition was necessary to the case. *See* Local Rule 109.1.b.

- 1 -

- 2 -

Bouchat has not submitted either an affidavit verifying the necessary elements nor a memorandum explaining the grounds and authorities supporting each request.  Such submissions are not discretionary; they are mandatory.  Further, the attached receipts provide no explanation as to what the copied materials were, how many sets were copied, or which exhibits they constitute.  *See* Guidelines §§ H.2.1 and H.3.[1]  Because Defendants are unable to determine the bases and reasonableness of Bouchat's requested costs due to his own failure to comply with the Local Rules, his requested costs of $1,604.30 for printing and reproduction should be denied.

Dated: January 28, 2013              Respectfully submitted,

                /s/
Robert L. Raskopf (admitted *pro hac vice*)
robertraskopf@quinnemanuel.com
Todd Anten (admitted *pro hac vice*)
toddanten@quinnemanuel.com
Rachel E. Epstein (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 (Phone)
(212) 849-7100 (Facsimile)

  - and –

Mark D. Gately (#00134)
mark.gately@hoganlovells.com
Andrea W. Trento (#28816)
andrea.trento@hoganlovells.com
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, Maryland 21202
(410) 659-2742 (Phone)
(410) 659-2701 (Facsimile)

*Attorneys for Defendants*

---

[1] For example, as best that Defendants can determine, Bouchat's costs of $158 on 12/27/07 is not for printing or reproduction, but for his purchase of DVDs before he even filed his complaint.